UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

VERNON L. COWAN, JR.,
        Plaintiff,

    v.                                  CASE NO. 3:14-cv-954(SRU)

CAPTAIN JASON CAHILL, et al.,
        Defendants.

## INITIAL REVIEW ORDER

The plaintiff, Vernon L. Cowan, Jr., currently incarcerated at Garner Correctional Institution, initiated this action by filing a civil rights Complaint *pro se.* On August 18, 2014, the court dismissed the case for the plaintiff's failure to comply with a Notice of Insufficiency regarding his application to proceed *in forma pauperis*. On October 8, 2014, the court granted the plaintiff's motion to reopen. On November 6, 2014, the court granted the plaintiff leave to proceed *in forma pauperis*. On December 31, 2014, the plaintiff sought leave to amend his Complaint. On January 6, 2015, the court granted the motion for leave to amend. The Amended Complaint names Captain Jason Cahill, Lieutenant Michael Pafumi and Correctional Officers Orcutt, Prior, Hartley and Delpeschio as defendants. The plaintiff also moves for the appointment of *pro bono* counsel.

**I.**     **Amended Complaint Doc. No. 15**

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a pro se complaint, the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

The plaintiff alleges that on September 2, 2011, he smashed his television on the floor of his cell in frustration in front of defendants Cahill and Pafumi. Defendant Cahill ordered the plaintiff to be placed in in-cell restraints for this conduct. When the plaintiff questioned the order, defendant Cahill directed defendant Pafumi to request an extraction team to remove the plaintiff from his cell.

The plaintiff informed defendants Cahill and Pafumi that he would voluntarily submit to in-cell restraints. Defendant Cahill permitted the plaintiff to pack his property and clean up the broken glass from his television. Defendant Pafumi then handcuffed the plaintiff behind his back and ordered him to lay face down on his bunk. The extraction team, including defendants Orcutt, Prior, Hartley and Delpeschio, came into the plaintiff's cell, placed a shield over the plaintiff's head and back, sprayed him in the face with pepper spray, dragged him out of the cell

to the shower and placed a mesh bag over his head.  Defendant Cahill took no steps to intervene to stop the use of force against the plaintiff.

The defendants then dragged him to a strip cell, slammed him into a wall and to the cell floor, applied restraints to his legs and arms and sprayed him again with pepper spray.  The defendants ordered the plaintiff to get up and walk as they kicked him in the stomach and face.  The defendants dragged the plaintiff to the shower and then escorted him to a medical screening room for treatment of his injuries.  Defendant Pafumi ordered the plaintiff to be escorted to the medical department.  Officers strip-searched the plaintiff and placed him in four point restraints.

Dr. Wright examined the plaintiff and ordered that the he undergo x-rays.  Officers later transported the plaintiff to the University of Connecticut Health Center for treatment.  The plaintiff seeks monetary damages from the defendants in their individual capacities and declaratory relief from the defendants in their official capacities.

The court concludes that the allegations in the Amended Complaint state plausible claims of excessive use of force, failure to protect, and deliberate indifference to the plaintiff's safety.  These Eighth Amendment claims will proceed against the defendants in their individual and official capacities.

## II.     Motion for Appointment of Counsel [Doc. No. 11]

The plaintiff asks the court to appoint *pro bono* counsel to represent him.  The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. See *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F. 2d 170, 172 (2d Cir. 1989).  The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).

The plaintiff indicates that in November 2011 he contacted one attorney and in 2013, he contacted two attorneys seeking representation. All three attorneys declined to represent the plaintiff. The plaintiff claims that his father was also unsuccessful in finding an attorney to represent him.

The plaintiff does not indicate whether he has contacted the Inmates' Legal Assistance Program. Although attorneys at Inmates' Legal Assistance may not be able to represent him in this matter, they may be able to assist him in litigating the case.

The possibility that the plaintiff may be able to secure legal assistance independently precludes appointment of counsel by the court at this time. The motion for appointment of counsel is denied without prejudice. Any renewal of this motion shall be accompanied by a summary of the plaintiff's attempts to secure legal assistance or representation and the reasons why assistance was unavailable.

## ORDERS

The Court enters the following orders:

(1)     The Eighth Amendment claims of excessive use of force and deliberate indifference to safety will proceed against the defendants in their individual and official capacities. The Motion for Appointment of Counsel [**Doc. No. 11**] is **DENIED** without prejudice. The plaintiff may re-file the motion at a later stage of the litigation.

(2)     The **Clerk shall** verify the current work addresses of defendants Cahill, Pafumi, Orcutt, Prior, Hartley and Delpeschio with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at those addresses within **twenty-one (21) days** of this Order, and report to the court on the status of those waiver requests

on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The **Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshals Service.  The U.S. Marshal is directed to effect service of the complaint on defendants Cahill, Pafumi, Orcutt, Prior, Hartley and Delpeschio in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(4) The **Clerk shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5) The **Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(6) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver form is sent.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(7) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests should not be filed with the court.

(8) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(9) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  The plaintiff should also notify the attorney for the defendants of his new address.

**SO ORDERED** this 9th day of February 2015, at Bridgeport, Connecticut.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge