UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VERNON L. COWAN, JR.,<br>      Plaintiff,<br><br>      v.<br><br>JASON CAHILL, *et al.*,<br>      Defendants. | No. 3:14-cv-954 (SRU) |

**RULING ON PENDING MOTIONS**

The plaintiff, Vernon L. Cowan, Jr., is currently confined at the North Branch Correctional Institution in Cumberland, Maryland. He initiated this action by filing a complaint against Captain Jason Cahill, Lieutenant Michael Pafumi and Correctional Officers Orcutt, Prior, Hartley and Delpeschio**.** Cowan moves for summary judgment and for the appointment of counsel. The defendants move for summary and to stay discovery pending my ruling on the motions for summary judgment.

The motion to stay discovery is denied as moot. For the reasons set forth below, both motions for summary judgment will be denied and the plaintiff's motion for appointment of counsel will be granted.

**I.     Standard of Review**

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is "entitled to judgment as a matter of law." Rule 56(a), Fed. R. Civ. P. A fact is "material" if it "might affect the outcome of the suit under the governing law," and is "genuine" if "a reasonable jury could return a verdict

for the nonmoving party" based on it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits and "demonstrates the absence of a genuine issue of material fact," the nonmoving party must do more than vaguely assert the existence of some unspecified disputed material facts or "rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (citation omitted). The party opposing the motion for summary judgment "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Id.*

In reviewing the record, I must "construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Gary Friedrich Enters., L.L.C. v. Marvel Characters, Inc.*, 716 F.3d 302, 312 (2d Cir. 2013) (citation omitted). If there is evidence in the record from which a reasonable factual inference could be drawn in favor of the non-moving party on the issue on which summary judgment is sought, summary judgment is improper. *See Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

Where one party is proceeding *pro se*, I must read the *pro se* party's papers liberally and interpret them "to raise the strongest arguments that they suggest." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (internal quotation marks and citation omitted). Despite this liberal interpretation, however, "[u]nsupported allegations do not create a material issue of fact" and cannot overcome a properly supported motion for summary judgment. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

**II.     Facts**[1]

Cowan's complaint and application to proceed *in forma pauperis* were dated June 12, 2014, and were received by the court on June 30, 2014.  *See* Compl., Doc. No. 1 at 1, 17; Application Proceed In Forma Pauperis, Doc. No. 2 at 1, 5.  The complaint asserted claims of excessive force and failure to protect from harm against Captain Jason Cahill, Lieutenant Michael Pafumi and Correctional Officers Orcutt, Prior, Hartley and Delpeschio related to incidents that occurred at Northern Correctional Institution on September 2, 2011.

On July 8, 2014, I issued a notice informing Cowan that there were deficiencies in his application to proceed *in forma pauperis*.  *See* Notice, Doc. No. 5.  The notice directed Cowan to correct the deficiencies and to file the necessary documents on or before July 30, 2014, or the case would be subject to dismissal.  On August 18, 2014, after Cowan had failed to comply with the notice of insufficiency, I denied the application to proceed *in forma pauperis* and dismissed the complaint without prejudice.  *See* Ruling and Order, Doc. No. 6.  I informed Cowan that any motion to reopen the dismissal should be accompanied by a new application to proceed *in forma pauperis* with all the necessary supporting documentation and should also explain why he had filed to comply with the notice of insufficiency.  *See id.*  On August 21, 2014, the Clerk entered a judgment closing the case pursuant to my ruling dismissing the complaint without prejudice.  *See* Judgment, Doc. No.  7.

On August 28, 2014, the Clerk's Office received a letter from Cowan regarding the dismissal of his case.  On September 18, 2014, I issued an order informing Cowan that the letter

---

[1] The relevant facts are taken from defendants' Local Rule 56(a)1 Statement and Exhibits attached to the Local Rule 56(a)1 Statement [Docs. Nos. 34-2 through 34-6] and Cowan's Local Rule 56(a)1 and 56(a)(2) Statements [Docs. Nos. 40-2, 45-1] and Declarations [Docs. Nos. 40-1, 46-1].

3

would not be construed as a motion to reopen, and that if he sought to reopen the case, he must file a motion and a new prisoner application to proceed *in forma pauperis*.  *See* Order, Doc. No. 8.

On October 6, 2014, I received Cowan's motion to reopen the judgment and a new prisoner application to proceed *in forma pauperis*.  *See* Mot. Reopen, Doc. No. 9; Application Proceed *In Forma Pauperis*, Doc. No. 10.  On October 8, 2014, I granted Cowan's motion to reopen.  *See* Order, Doc. No. 12.  On November 6, 2014, I granted Cowan leave to proceed *in forma pauperis*.  *See* Order, Doc. No. 13.

On December 31, 2014, Cowan sought leave to amend his complaint.  *See* Mot. Am., Doc. No. 14.  On January 6, 2015, I granted the motion for leave to amend.  *See* Order, Doc. No. 16.  The amended complaint included the same excessive force and failure to protect claims against Captain Jason Cahill, Lieutenant Michael Pafumi and Correctional Officers Orcutt, Prior, Hartley and Delpeschio.  *See* Am. Compl., Doc. No. 15.

On February 9, 2015, I issued an initial review order directing the Clerk to serve the amended complaint on the defendants in their official and individual capacities, ordering the defendants to file a response to the amended complaint within sixty days of the date that waivers of service of summons forms were sent to them and setting dates for the completion of discovery and for filing summary judgment motions.  *See* Initial Review Order, Doc. No. 17.  On April 27, 2015, Assistant Attorney General Robert B. Fiske, III filed an appearance for all defendants.  *See* Appearance, Doc. No. 26.  On October 19, 2015, the defendants filed an answer to the amended complaint.  *See* Answer, Doc. No. 33.

**III.   Discussion**

The defendants and Cowan filed their motions for summary judgment on the same day. Because the motions raise different grounds, I address each motion separately.

### A.      Plaintiff's Motion for Summary Judgment [Doc. No. 40]

Cowan states that the defendants failed to file a response to the amended complaint in accordance with the court's scheduling order.  He argues that the failure of the defendants to respond to the amended complaint demonstrates that there are no material issues of fact in dispute and that he is entitled to summary judgment on all of his claims.

The docket reflects that the defendants filed an answer to the amended complaint on October 19, 2015, the same day that the plaintiff filed his motion for summary judgment. Although the answer was not filed in a timely manner, the plaintiff has not alleged that he suffered any prejudice from the delay in the filing of an answer by the defendants.[2] Furthermore, the Second Circuit prefers that district courts decide cases on their merits rather than by default.  *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (recognizing the Second Circuit's "strong preference for resolving disputes on the merits") (citation and internal quotation marks omitted).  Therefore, Cowan's motion is denied to the extent that it relies on the argument that he is entitled to summary judgment because the defendants did not timely respond to the amended complaint.

Cowan has also failed to meet his burden of demonstrating that there are no genuine issues of material fact in dispute with respect to his claims that the defendants used excessive force against him and failed to protect him from harm.  Rule 56(a)1, D. Conn. L. Civ. R.,

---

[2] The Waiver of Service of Summons forms signed by the defendants instructed them to file a response to the amended complaint within sixty days of February 13, 2015.  *See* Waivers, Docs. Nos. 20, 21, 22, 23, 24, 27.

5

requires that a motion for summary judgment be accompanied by "a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." Rule 56(a)3 requires that each statement in the Rule 56(a)1 Statement "be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial."

Although Cowan filed a document entitled "Statement of Undisputed Facts," the statement does not include facts in support of his claims. Instead, Cowan includes one statement indicating that he filed a civil rights action against the defendants claiming they violated his Eighth Amendment rights by using excessive force against him. *See* Local Rule 56(a)1 Statement, Doc. No. 40-2, at ¶ 1.

The Local Rule 56(a)1 statement is deficient in that it fails to include a reference to exhibits or evidence in support of the statement in paragraph one as required by Local Rule 56(a)3. Although Cowan also filed a declaration in support of his motion for summary judgment, the statements in the declaration are not supported by evidence other than the allegations in the amended complaint. Cowan makes reference to videotapes of the conduct of the defendants on the date in question, but does not submit copies of the videotapes in support of his motion. Nor does he submit copies of any medical records to support his allegations that he suffered various injuries as a result of the use of force by the defendants.

Thus, in addition to the deficiencies in the Local Rule 56(a)1 Statement, Cowan has not otherwise submitted evidence to sustain his burden of demonstrating that no issues of material

fact are in dispute and that he is entitled to summary judgment as a matter of law. Accordingly, Cowan's motion for summary judgment is denied.

### B. Defendants' Motion for Summary Judgment [Doc. No. 34]

The defendants argue that Cowan's amended complaint is barred by the three-year statute of limitations. Cowan contends that he timely filed this action.

Federal courts look to state law to determine the applicable statute of limitations in a section 1983 action. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Walker v. Jastremski*, 430 F.3d 560, 562 (2d Cir. 2005). For section 1983 claims arising in Connecticut, the Second Circuit has held that the applicable limitations period is that provided for personal injuries by Connecticut General Statutes § 52-577, namely, three years running from "the date of the act or omission complained of." *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). Although federal courts look to state law in section 1983 actions to determine when the limitations period ends, they look to federal law to determine when the period begins, i.e., when the claim accrues. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."). A section 1983 cause of action generally accrues "when the plaintiff knows or has a reason to know of the harm or injury that is the basis of the action." *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221 (2d Cir. 2003) (internal quotation marks and citation omitted).

The allegations in the amended complaint reflect that the defendants' use of force against Cowan and failure to intervene to protect him from harm occurred on September 2, 2011. Thus, the limitations period for filing this civil rights action expired on September 2, 2014. Cowan's original complaint—filed on June 30, 2014—was within the statute of limitations, but because Cowan did not provide proper supporting documentation for his application to proceed *in forma*

*pauperis*, I dismissed Cowan's case without prejudice on August 18, 2014, and entered judgment for the defendants on August 21.  *See* Order, Doc. No. 6; Judgment, Doc. No. 7.  Cowan did not file a motion to reopen until October 6, 2014, more than a month after the statute of limitations had run.  *See* Mot. Reopen, Doc. No. 9.  As a result, argue the defendants, Cowan's amended complaint is untimely.

It is true that "a suit dismissed without prejudice . . . 'is treated for statute of limitations purposes as if it had never been filed.'"  *Kittay v. Korff (In re Palermo)*, 739 F.3d 99, 105 (2d Cir. 2014) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) (Posner, J.)).  That is, "once a suit is dismissed, even without prejudice, 'the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.'"  *Ciralsky v. CIA*, 355 F.3d 661, 672 (D.C. Cir. 2004) (Garland, J.) (quoting *Elmore*, 227 F.3d at 1011).  Thus, "if the statute of limitations has run the dismissal is effectively with prejudice," *Elmore*, 227 F.3d at 1011, and the "plaintiff's subsequent court filing is vulnerable to a time-bar," *Johnson v. Nyack Hosp.*, 86 F.3d 8, 11 (2d Cir. 1996).  *See Minette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) ("In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the . . . limitations period."); *Jewell v. Cnty. of Nassau*, 917 F.2d 738, 741 (2d Cir. 1990) ("[A] dismissal of the action . . . would work a time-bar to reassertion of the § 1983 claim."); *accord, e.g.*, *Bost v. FedEx*, 372 F.3d 1233, 1242 (11th Cir. 2004) ("Dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations.").

Here, although Cowan's original lawsuit was filed within the limitations period, "the tolling effect of the filing of the suit [was] wiped out" after I dismissed his complaint and entered

judgment for the defendants in August 2014.[3]  *See Elmore*, 227 F.3d at 1011.  That left the statute of limitations on Cowan's claims to expire on September 2, well before Cowan moved to reopen the case on October 6.  But the expiration of the statute is not the end of the matter.  If the limitations period in this case was tolled beyond October 6, 2014—the date Cowan moved to reopen—his section 1983 claims may still be timely.  *See Chardon v. Fumero Soto*, 462 U.S. 650, 652 n.1 (1983) ("'[T]olling' . . . mean[s] that, during the relevant period, the statute of limitations ceases to run.").

"[I]n section 1983 actions, [courts] borrow not only a state's limitations period but also its 'tolling rules.'"  *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (citing *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484–86 (1980)).  Here, Connecticut has two tolling rules that may benefit Cowan.  First, "the Connecticut 'savings' statute," Conn. Gen. Stat. § 52-592(a) (2016), could "extend the limitations period for [the] present claim."  *See Holt v. KMI-Continental*, 95 F.3d 123, 131 (2d Cir. 1996).  This statute, the "Accidental Failure of Suit Act[,] provides that if an action originally commenced within the applicable period is dismissed for specified reasons, . . . 'the plaintiff . . . may commence a new action . . . for the same cause within one year after the determination of the original action.'"  *LaCroix v. Bd. of Educ.*, 844 F.2d 88, 90 (per curiam) (quoting Conn. Gen. Stat. § 52-592(a) (1987)); *see also id.* (applying Conn. Gen. Stat. § 52-592(a) to a section 1983 claim); *Moore v. Mara*, No. 3:08-cv-1946, 2011

---

[3] Some courts have suggested that the mere dismissal of a *complaint* differs from dismissal of a *case*, such that "[h]ad the district court dismissed only [Cowan]'s complaint without prejudice and not dismissed the case at all, [Cowan] could have filed a new complaint in his original case and the statute of limitations would have been tolled from the date of his original complaint."  *See Cohen v. Bd. of Trustees*, 819 F.3d 476, 478–79 (D.C. Cir. 2016).  Here, the distinction is unimportant, because I unambiguously dismissed Cowan's case by awarding judgment for the defendants and directing the Clerk to terminate the case on August 21, 2014.

WL 3924295, at *4 (D. Conn. Sept. 7, 2011) (Thompson, J.) (same); *Rivera v. Pataki*, No. 01-cv-5179, 2003 WL 21511939, at *8–*9 (S.D.N.Y. July 1, 2003) (Mukasey, J.) (same for New York savings statute). Cowan's "original action" was "determin[ed]," at the earliest, when I dismissed his complaint on August 18, 2014, and Cowan "commence[d] a new action . . . for the same cause within one year" of that date. *See* Conn. Gen. Stat. § 52-592; Mot. Reopen, Doc. No. 9 (filed October 6, 2014); Am. Compl., Doc. No. 15 (filed December 31, 2014). Hence, if the savings statute applies, Cowan's sections 1983 claim are timely. I hold that the statute does apply.

The Accidental Failure of Suit Act extends the statute of limitations when, among other things, "the action has been . . . avoided or defeated . . . for any matter of form." *See* Conn. Gen. Stat. § 52-592(a). The Second Circuit has interpreted this language to mean that "the savings statute only applies if the original claim was dismissed for procedural reasons and not on the merits." *Holt*, 95 F.3d at 131 (citing *Legassey v. Shulansky*, 28 Conn. App. 653, 659 (1992)). As examples of "procedural reasons," Connecticut state courts have identified "terminat[ion] . . . by a disciplinary dismissal arising out of the failure of the named plaintiff's mother and the plaintiff's attorney to attend a scheduled pretrial conference," *Ruddock v. Burrowes*, 243 Conn. 569, 571–72, 576–77 (1998) (Peters, J.), as well as "dismiss[al] for failure to prosecute," *Bridgeport Harbour Place I, LLC v. Ganim*, 131 Conn. App. 99, 163 (2011); *McMahon v. Colaci*, 36 Conn. Supp. 269, 271 (Super. Ct. 1980). Generally speaking, Connecticut courts apply section 52-592(a) when "the plaintiff's noncompliance with a court order occurred in circumstances such as mistake, inadvertence or excusable neglect," *Ruddock*, 243 Conn. at 577, but those courts refuse relief when "the plaintiff's actions that led to the dismissal of his case

10

constituted [more than] a mere accident or simple negligence," *Pepitone v. Serman*, 69 Conn. App. 614, 620 (2002).

Here, I dismissed Cowan's case because he "ha[d] not submitted a six month ledger sheet or a Prisoner Authorization Form within the time specified by the court." *See* Order, Doc. No. 6, at 1. Such a dismissal was "not on the merits," but "for procedural reasons" relating to Cowan's failure to provide proper documentation for his application to proceed *in forma pauperis*. *Id.*; *see Holt*, 95 F.3d at 131. Moreover, Cowan wrote a letter to the Clerk's Office on August 28, 2014 (prior to the expiration of the statute of limitations), and mailed a motion to reopen on September 30 that explained he had never received notice of my July 8, 2014 order to cure defects in his application. *See* Motion to Reopen, Doc. No. 9. I conclude from the circumstances surrounding the dismissal of Cowan's case—in particular, Cowan's apparent lack of notice of my July 8 order, and his good faith efforts to revive his claim—that Cowan's "noncompliance with a court order occurred" as a result of "mistake, inadvertence or excusable neglect." *Ruddock*, 243 Conn. at 577. Therefore, the dismissal was "for procedural reasons" that merit the application of section 52-592(a), and I hold that the statute of limitations was extended until September 2, 2015. *See Holt*, 95 F.3d at 131. Cowan's section 1983 claims are timely.

Even if the Accidental Failure of Suit Act did not apply, I also hold that Cowan's section 1983 claims would be timely due to equitable tolling. The doctrine of equitable tolling—which is applied in both federal and Connecticut state courts, *see Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008); *Wiele v. Bd. of Assessment App.*, 119 Conn. App. 544, 554 9 (2010)—"permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *Chao v. Russell P. LeFrois Builder*, 291 F.3d 219, 223 (2d Cir. 2002). "Equitable tolling applies as a matter of fairness where a party has been prevented in some extraordinary way from exercising

11

his rights." *Iavorski v. INS*, 232 F.3d 124, 129 (2d Cir. 2000) (internal quotation marks and alterations omitted); *accord Williams v. Comm'n on Human Rights & Opportunities*, 257 Conn. 258, 277–78 (2001). The doctrine is particularly "appropriate 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period.'" *Chao*, 291 F.3d at 223 (quoting *Irwin v. U.S. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). "Equitable tolling requires a party to pass with reasonable diligence through the period it seeks to have tolled," *Johnson*, 86 F.3d at 12, but the doctrine "does not require any misconduct on the part of the defendant," *Casey v. United States*, 161 F. Supp. 2d 86, 95 (D. Conn. 2001) (citing *Canales v. Sullivan*, 936 F.2d 755, 758 (2d Cir. 1991)). Where the plaintiff's actions have been "reasonable" and the delay not "excessive," federal courts—"to ensure that unfair prejudice does not result from a . . . without-prejudice dismissal"—have applied equitable tolling to "provide[] [the] plaintiff with 'just so much extra time as he needs' . . . [to] file a new federal claim." *Johnson*, 86 F.3d at 11–12 (quoting *Heck v. Humphrey*, 997 F.2d 355, 357–58 (7th Cir. 1993), *aff'd on other grounds*, 512 U.S. 477 (1994)).

  I conclude that equitable tolling should apply to Cowan's section 1983 claims here. Cowan's original complaint was filed "during the statutory period" but dismissed because a related filing was "defective," a sign of "actively pursu[ing] . . . judicial remedies" that the Second Circuit and Supreme Court have held calls for equitable tolling. *See Chao*, 291 F.3d at 223; *Irwin*, 498 U.S. at 96. After Cowan became aware of the dismissal on August 21, 2014, he repeatedly tried to contact the court and expeditiously moved to reopen the case, making "diligent efforts" of the sort courts have found "to excuse untimeliness." *See Wiele*, 119 Conn. App. at 554. The delay was not "excessive," nor was it "occasioned by [Cowan's] lack of diligence." *Cf. Johnson*, 86 F.3d a 12. Rather, due to Cowan's unawareness of my July 8, 2014

12

order, the "failure to meet [the] filing deadline was, in a phrase, out of his hands." *Casey*, 161 F. Supp. 2d at 95. In addition, Cowan's amended complaint proceeded to name the same defendants and raise the same claims as had his timely original complaint. The defendants were "put on notice of the claim within the stated period," and an extension of the limitations period by a month and a half would neither be unfair to the defendants nor "offend . . . [t]he policy of the statute of limitations." *See* Fed. R. Civ. P. 15, Notes of Advisory Committee on 1966 amendments (2016). In short, equitable tolling is warranted.

Under either of the above bases, the statute of limitations was extended until after Cowan moved to reopen his case under Federal Rule of Civil Procedure 60(b)(1). And once I granted Cowan's Rule 60(b)(1) motion, the case and the complaint were both timely reinstated. *See also McDowell v. Del. State Police*, 88 F.3d 188, 191 (3d Cir. 1996) (deeming civil rights complaint constructively and timely filed as of the date complaint received by clerk, even though plaintiff did not initially submit filing fee or *in forma pauperis* motion, because no evidence of bad faith on part of plaintiff or prejudice to defendant and district court "ultimately granted [plaintiff] leave to file *in forma pauperis*"); *Wilson v. Time Warner*, No. 98-cv-1335, 1999 WL 130654, at *2 (S.D.N.Y. Mar. 11, 1999) (granting motion to reopen case that could not be re-filed because it would be barred by statute of limitations on grounds of excusable neglect and lack of bad faith by *pro se* plaintiff, lack of prejudice to the defendants and in accordance with preference of Second Circuit to resolve lawsuits on their merits). Thus, I hold that Cowan's section 1983 claims are not barred by the statute of limitations.[4]

---

[4] In reaching this conclusion, I keep in mind that "*pro se* plaintiffs should be granted special leniency regarding procedural matters," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001), and that "[i]t is even more important to have civil rights claims decided on their merits when the plaintiff appears *pro se*," *Younger v. Chernovetz*, 792 F. Supp. 173, 175–76 (D.

The defendants seem to raise another statute of limitations challenge by accusing Cowan of being "dilatory" for "wait[ing] until December 31, 2014, to actually file his Amended Complaint."  *See* Defs.' Mem. Supp. Mot. Summ. J., Doc. No. 34-1, at 4.  But Cowan had no reason to hurry to amend his complaint: I did not dismiss Cowan's case in August because his complaint was insufficient, but rather because Cowan failed to provide the correct documentation for his application to proceed *in forma pauperis*.  Thus, once the case was reopened, the initial complaint became operative once again.  In any event, Cowan amended his complaint as permitted by Federal Rule of Civil Procedure 15(a) more than nine months before the defendants filed their answer on October 19, 2015.  *See* Fed. R. Civ. P. 15(a) (2016); Answer, Doc. No. 34.  It is of no consequence that the amended complaint was filed after the statute of limitations would ordinarily have run, because "[a]n amendment to a pleading relates back to the date of the original pleading when . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out or attempted to be set out in the original pleading." Fed. R. Civ. P. 15(c).  The amendments to the complaint merely clarified claims against existing defendants and described Cowan's attempts to exhaust administrative remedies.  Hence, the amended complaint relates back to Cowan's initial complaint, which—as explained above—was timely filed.

For all of the foregoing reasons, the defendants have not met their burden of demonstrating that they are entitled to summary judgment as a matter of law on the ground that Cowan's claims are barred by the statute of limitations.  The defendants' motion for summary judgment is denied.

---

Conn. 1992) (Eginton, J.).

**IV.     Conclusion**

The Plaintiff's Motion for Summary Judgment [**Doc. No. 40**] and the Defendants' Motion for Summary Judgment [**Doc. No. 34**] are **DENIED**.   The Motion to Stay Discovery [**Doc. No. 44**] until the disposition of the motions for summary judgment is **DENIED** as moot.

It appearing to the court that proper and effective litigation of this case cannot be achieved without appointment of counsel, the Motion for Appointment of Counsel [**Doc. No. 31**] is **GRANTED**.  The Clerk's office shall make reasonable efforts to appoint counsel from the Civil Pro Bono Panel to represent Cowan.  After counsel is appointed, I will schedule a conference to discuss whether additional discovery is necessary and to set a date for trial.

So ordered.

Dated at Bridgeport, Connecticut, this 23rd day of September 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge